George H. Bean, Esq. (SBN 306016)
george@georgebeanlaw.com
GEORGE BEAN LAW
340 E. 1st Street, #1127
Tustin, CA 92781
(714)904-9338 Tel

Attorney for Plaintiff, Alyssa Monarrez

Roxanna A Manuel (SBN 209894)
manuel@sanchez-amador.com
Jessica M. Iglesias (SBN 280484)
iglesias@sanchez-amador.com
SANCHEZ & AMADOR, LLP
800 S. Figueroa Street, 11th Floor
Los Angeles, California 90017
(213) 955-7200 Tel
(213) 955-7201 Fax

Attorneys for Defendant, JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

ALYSSA MONARREZ, an individual,

Plaintiff,

v.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a national banking association organized under the laws of the United States, and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:25−cv−12314−HDV-CTS

**STIPULATED PROTECTIVE ORDER**

Action Filed: November 26, 2025
Removal: December 30. 2025

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2. GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer information, , commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business and banking practices and policies, or other confidential commercial and banking information (including information implicating privacy rights of third parties), client or commercially sensitive information, confidential trade secrets or non-public research otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, state, federal or international banking regulations, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is

the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. DEFINITIONS**

3.1 Action: *Alyssa Monarrez v. JPMorgan Chase Bank, National Association*, pending in U.S. District Court, Central District Cal., Case No. 2:25−cv−12314−HDV-CTS.

3.2 Challenging Party: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, including any Documents, Testimony, or Information: (1) which is a "trade secret," as set forth in the Uniform Trade Secrets Act (federal and state), meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; (2) Research, development, or commercial information that is of a highly competitively sensitive nature and that a reasonably prudent business person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which would likely cause proprietary, competitive, or economic harm; (3) Sensitive personally identifiable information

("PII")—such as a social security number, credit card number, bank account number—where disclosure of that information would be highly offensive to a reasonable person and is not of legitimate public concern; (4) any information which belongs to a Designating Party who believes in good faith that the Disclosure of such information would create a substantial risk of serious financial injury; or (5) that a Designating Party believes in good faith is entitled to confidential treatment under applicable law. Nothing in this Order shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Confidential." CONFIDENTIAL information shall also include Confidential Supervisory Information, which includes, but is not limited to, confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), non-public information of the Office of the Comptroller of the Currency or the former Office of Thrift Supervision as set forth in 12 C.F.R. § 4.32(b), exempt information of the Federal Deposit Insurance Corporation as set forth in 12 C.F.R. §§ 309.2, 309.5, and 309.6, and confidential information of the Consumer Financial Protection Board as set forth in 12 C.F.R. § 1070.2, and any other records concerning supervision, regulation, and examination of banks, savings associations, their holding companies and affiliates, and records compiled in connection with the enforcement responsibilities of federal and state financial regulatory agencies that is not permitted to be disclosed to a third party absent consent of the applicable regulator or government agency. Confidential Supervisory Information also includes information that current and former employees, officers, and agents of federal financial regulatory agencies obtained in their official capacities. Confidential

Supervisory Information shall be deemed to include all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Confidential Supervisory Information.

3.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5 Designating Party: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8 In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9 Nonparty: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10 Non-Public Personal Financial Information: Any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802 et seq. and its implementing regulations, or analogous state laws and regulations, including, but not limited to, any portion of a spreadsheet or other document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on

any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.

3.11 Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.12 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.13 Personal Data: Any information related to, reflecting, associated with or identifying a natural person, other than Non-Public Personal Financial Information, that a Party or Disclosing Person (whether or not a Party) believes in good faith to be subject to federal, state or foreign data privacy, data protection laws or other privacy obligations. Personal Data constitutes material requiring special protection. Nothing in this section shall be used to imply that any law permits, or does not permit, the production of certain data, regardless of whether such data is designated as "Personal Data.

3.14 An owner, officer, or executive of any Party whose identity as an owner, officer, or executive has been disclosed to all other Parties.

3.15 Producing Party: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.16 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing

exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.17 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL"

3.18 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.19 SAR Related Material: Any Discovery Material that, pursuant to 31 U.S.C. 5318(g)(2)(A)(1), 31 C.F.R. § 1020.320, 12 C.F.R § 21.11, Section 314(a) or (b) of the PATRIOT ACT, 12 U.S.C. §§ 3414(a)(3) and (c) or any other applicable regulations concerning potential suspicious activity, is not permitted to be produced.

## 4. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

## 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6. <u>DESIGNATING PROTECTED MATERIAL</u>**

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other

pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony. Alternatively, within thirty (30) days after receipt of the transcript or recording of such deposition or other pretrial or trial proceeding, the offering or sponsoring Party may designate such transcript or recording or any portion or portions thereof as

"CONFIDENTIAL" by notifying all other Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as Confidential Material. All transcripts or recordings of depositions shall be treated as "CONFIDENTIAL" for thirty (30) days after receipt of the transcript or recording or until written notice of a designation is received, whichever occurs first.

(c) For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failure to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Any Disclosing Person who inadvertently fails to identify Discovery Material as "Confidential" or shall have fifteen (15) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing the Receiving Party written notice of the error and producing substitute copies of the inadvertently produced Discovery Material with the correct designation. The Receiving Party shall thereafter treat the information as Confidential Discovery Material or and shall take reasonable steps to return or destroy all prior copies of such inadvertently produced Discovery Material. To the extent such information may have been disclosed to

anyone not authorized to receive Confidential Discovery Material or under the terms of this Stipulation and Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Paragraph 2.d. of Judge Shay's Procedures for Discovery Disputes ("Mandatory Informal Discovery Conference").[1]

7.3 Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8. ACCESS TO AND USE OF PROTECTED MATERIALS

[1] Judge Shay's Procedures are available at https://apps.cacd.uscourts.gov/Jps/honorable-christina-t-shay .

8.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**9. EFFECT OF STIPULATION AND ORDER.** To the extent any federal, state or foreign law or other legal authority governing the disclosure or use of Personal Data or Non-Public Personal Financial Information permits disclosure of such information pursuant to an order of a court, this Stipulation and Order shall constitute compliance with such requirement.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d) To the extent permitted by law, the Party to which the subpoena is directed shall not produce material for at least ten (10) business days after notice of the subpoena is provided to the Disclosing Person in order to provide the Disclosing Person a reasonable period of time in which to seek to quash, limit or object to the subpoena, or to move for any protection for the Discovery Material.

(e) If the Party to which the subpoena is directed is compelled by applicable law or a court order to respond to the subpoena or request in less than ten business (10) days, the Party to whom the subpoena is directed shall, to the extent permitted by law, notify

the Disclosing Person of this fact. In no event shall such Discovery Material subject to this Order and Stipulation be produced to a third party by a Party pursuant to a subpoena without providing the Disclosing Person an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law. In the event that Discovery Material designated as "Confidential" under this Order and Stipulation is produced in response to a subpoena, the recipient of the subpoena shall take commercially reasonable steps to ensure that the protections afforded under this Order and Stipulation shall continue to apply to such Discovery Material.

(f) The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulation and Order and to afford the Disclosing Person an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued. The Disclosing Person shall bear all responsibility for any objections to the production of such Discovery Material, except that a Party receiving any subpoena shall not voluntarily make any production to a third party of a Disclosing Person's "Confidential" Discovery Material until resolution of any objections interposed by the Disclosing Person, unless compelled by court order issued after giving notice to the Disclosing Person.

(g) Notwithstanding any other provision in this Stipulation and Order, nothing in this Stipulation and Order shall be construed as prohibiting or otherwise restricting any party from providing documents to or otherwise voluntarily communicating with the U.S. Securities and Exchange Commission, the Financial

Industry Regulatory Authority, the Commodity Futures Trading Commission, or any other governmental, regulatory, or self-regulatory organization about a potential violation of law or as authorizing or requiring a Party or non-party to disobey any law, court order, or information request or subpoena from any federal, state, or foreign regulatory agency or self-regulatory organization requiring the production of Discovery Material, or as limiting the authority of the Court.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1 Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

11.2 Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Nonparty, if requested.

11.3 Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties have reached an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties have incorporated their agreement in the Stipulated Protective Order submitted to the Court herein.

13.1 This Stipulation and Order is without prejudice to any Disclosing Person's right to assert that any Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product doctrine, or is subject to any federal or state regulations prohibiting the disclosure of such material (including material that constitutes Confidential Supervisory Information or SAR Related Material), and is without prejudice to any Party's right to contest such a claim of privilege or protection.

13.2 Consistent with Federal Rule of Evidence 502(d), if a Party or non-party notifies any other Party that it disclosed Discovery Material that is (a) protected from disclosure under the attorney-client privilege, the work product doctrine, any other applicable privilege or immunity, or that is subject to any federal or state regulations prohibiting the disclosure of such material (including material

that constitutes Confidential Supervisory Information or SAR Related Material) ("Privileged Material") or (b) Foreign Law Restricted Material and requests that such Discovery Material be returned, redacted, or destroyed, the disclosure shall not by itself be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any of the material or information relating thereto or on the same or related subject matter.

13.3 If a Disclosing Person believes that Privileged Material or Foreign Law Restricted Material was inadvertently produced, that Disclosing Person shall notify in writing any Party to which it produced the material of the claim of privilege or protection and the basis for such claim (a "Privileged Material Notice"). When appropriate, the Disclosing Person will produce a redacted version of such Discovery Material to the Receiving Party.

(a) Subject to the provisions below in this paragraph, within ten (10) business days of receipt of a Privileged Material Notice, any Party to which the Privileged Material or Foreign Law Restricted Material was produced shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been sequestered (as provided below), returned, or destroyed, and shall not use such items for any purpose until further order of the Court. Notwithstanding the foregoing, a Receiving Party may sequester a copy of relevant Privileged Material or Foreign Law Restricted Material, in a secure medium that is segregated from any general document depositories that such Receiving Party has established, for purposes of evaluating the claim of privilege and may promptly present the information to the court under seal, pursuant to the procedures under Local Rule 79-5, for a determination of the claim.

(b) If the Receiving Party determines that it has received Discovery Material that constitutes Privileged Material or Foreign Law Restricted Material, the Receiving Party shall destroy or return all copies of such Discovery

Material to the Disclosing Person within ten (10) business days of the discovery of such information and after Disclosing Person has produced a redacted version of such Discovery Material, shall provide a certification of Counsel that all such disclosed Discovery Material (and any copies thereof) has been returned or destroyed, and shall not use such items for any purpose until further order of the Court. When appropriate, the Disclosing Person will provide a redacted version of such Discovery Material to the Receiving Party.

(c) Should the Receiving Party to which any Privileged Material or Foreign Law Restricted Material was produced seek to challenge the designation of such material as privileged or protected, it shall notify the Disclosing Person in writing and shall not use or disclose the material until the claim is resolved. Following the receipt of any objection, the objecting Party and the Disclosing Person shall meet and confer in an effort to resolve any disagreement regarding the Disclosing Person's designation of the material as privileged or protected. If the parties cannot resolve their disagreement, the objecting Party shall promptly present the issue to the Court for a determination of the Disclosing Person's claim of privilege or protection. The production of Privileged Material, whether inadvertent or otherwise, shall not itself serve as the basis of the motion. While any such motion is pending, the Discovery Material subject to that motion will be treated as privileged or protected until the Court rules. If the Court determines that such material is privileged or protected, the Receiving Party shall (to the extent it has not already done so), return or destroy such disclosed Privileged Material and all copies thereof within (5) five business days of the Court's ruling.

**14. <u>MISCELLANEOUS</u>**

14.1 <u>Right to Further Relief</u>.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3 Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 15. FINAL DISPOSITION

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to

retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

**16. <u>VIOLATION</u>**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: August 5, 2026

GEORGE BEAN LAW

George H. Bean, Esq.
Attorneys for Plaintiff Alyssa Monarrez

DATED: August 5, 2026

SANCHEZ AMADOR & REYES LLP

/s/ Roxanna A. Manuel

Roxanna A Manuel
Jessica M. Iglesias
Attorneys for Defendant, JPMorgan Chase Bank, N.A.

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____________________________________________[full name], of ____________________________________[address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _________________ [date] in the case of 2:25−cv−12314−HDV-CTS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ____________________________[full name] of _______________________________________________[address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: ____________________________________

Printed Name: ____________________________________

Date: ____________________________________

City and State Where Sworn and Signed: _________________________________

**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: August 6, 2026

Honorable Christina T. Shay
United States Magistrate Judge